**In re John C. LEHS, Ruth M. Lehs, Debtors.**

**Bankruptcy No. 83–00345.**

United States Bankruptcy Court, N.D. Iowa.

March 29, 1985.

Harry R. Terpstra, Cedar Rapids, Iowa, for debtors.

Robert Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for FmHA.

John Heckel, Cedar Rapids, Iowa, for Thorp Credit.

MINUTES of Hearing on Application for Authority to Liquidate Secured Collateral;

## ORDER DISMISSING CHAPTER 11 PROCEEDINGS WITH PREJUDICE.

WILLIAM W. THINNES, Bankruptcy Judge.

On March 26, 1985, hearing on Farmers Home Administration's (FmHA) Application for Authority to Liquidate Secured Collateral came before the Court upon proper notice. Present at the hearing were Robert Teig, Assistant U.S. Attorney for FmHA, Attorney Harry Terpstra for Debtors-in-Possession (Debtors), and Attorney John Heckel for Thorp Credit, Inc.

Prior to the commencement of the hearing, it was brought to the Court's attention that Debtors have filed a Constructive Notice and Demand in Iowa District Court in Buchanan County directed to, among other entities, William W. Thinnes, U.S. Bankruptcy Court Judge. Paragraphs 12 and 13 of this document provide:

That Deponents hereby DEMAND that you, and each of you, CEASE AND DESIST from any further unlawful acts with respect to Deponents' persons or property.

That any attempts to Hinder, Obstruct, Harrass or Interfere with Deponents' said *Allodial Freehold Property Rights*, ... will result in criminal and civil charges being initiated against the offending parties in a court, at Law, with competent jurisdiction.

The Court finds Debtors' actions in filing this document are inconsistent with continued proceedings in bankruptcy court. In particular, the Court concludes that Debtors cannot invoke the protection of the federal bankruptcy laws thereby giving this Court jurisdiction over their property and then threaten the Court with civil or criminal action in the event the Court exercises its jurisdiction. This Court should not be subjected to threats, real or fanciful, by a debtor who appears before it.

Accordingly, the Court, sua sponte, finds Debtors' Chapter 11 proceedings should be and are hereby dismissed with prejudice; and

**IT IS SO ORDERED.**

## APPENDIX

### IN THE IOWA DISTRICT COURT IN AND FOR BUCHANAN COUNTY

THORP CREDIT INC., Plaintiff,

VS.

JOHN G. LEHS, RUTH M. LEHS and SECURITY STATE BANK, Defendants.

EQUITY NO. CE 1595–0682

CONSTRUCTIVE NOTICE AND DEMAND

\*   \*   \*   \*   \*   \*

STATE OF IOWA      )
                       ) SS:
COUNTY OF BUCHANAN   )

TO: WILLIAM W. THINNESS, U.S. Bankruptcy Court Judge; ALLAN W. VANDERHART, Buchanan County Attorney; LEONARD R. DAVIS, Buchanan County Sheriff; JAMES DOUGHERTY, Attorney; JOHN M. HECKEL, Attorney; THORP CREDIT INC., A Corporation; JOHN/JANE DOES, to whom else it may concern by virtue of their future involvement.

TO YOU, AND EACH OF YOU, NOTICE IS HEREBY GIVEN:

The undersigned, JOHN G. LEHS and RUTH M. LEHS, being first duly sworn, depose and state:

1. That Deponents' names are JOHN G. LEHS and RUTH M. LEHS, and that each of them are over 18 years of age.

2. That Deponents are freeborn, Sovereign individuals of these United States of America, and of the State of Iowa, in incontrovertible possession of certain *Rights*, privileges, immunities, *Allodial Land Title Rights*, property and other substance at the Common Law, which *Rights* are beyond the power of *any* legislative enactment, or judicial ruling to legislate, or to rule, into actual or pretended oblivion; further, that said *Rights*, privileges, immunities, *Allodial Land Title Rights*, property and other substance at the Common Law are guaran-

teed and protected by the Constitution of the United States of America, the Constitution of the State of Iowa, as drafted in conformance thereto and being second thereto, and the Common Law; and which *Rights* cannot be bargained away in the trading pits of Mercantile Equity.

3. That Plaintiff in the instant action has attempted to obtain "color of title" to Deponents' Allodium, with the active cooperation of both Iowa State District Court Judges and a U.S. Bankruptcy Court Judge.

4. That Plaintiff did falsely and fraudulently represent to Deponents that Plaintiff would lend Deponents the sum of $269,-200.00, when in fact the check they later wrote consisted only of a transfer of bookkeeping entries from the bank upon which the check was drawn to the party to whom it was issued; that, since a "bookkeeping entry" is not legal tender and is not a "dollar" of money which is a "lawful consideration", no lawful debt was either paid or created by this transaction.

5. The Iowa State Court has no jurisdiction over the federal land patents, which are founded on treaty authority for absolute titles which they convey, and which cannot be challenged by a State Court because they flow from a United States treaty, and therefore no State Court has jurisdiction over title or ownership to land that traces its source to the paramount or common source of title from the United States government.

6. No State, private banking corporation or any other person can question the superiority of title to land owners who have "perfected" their land by federal land patent.

7. Jurisdiction by any State Court over such a subject matter is invalid, and since federal land patents cannot be collaterally attacked as to their validity or authenticity as highest evidence of title, no mortgage institution can claim title to land by its "lien".

8. In order for the Plaintiff to prove that it has title to any land in order to take it over, it must answer these questions in the positive:

a. Are they making their claim as a "private land claim" in the name of a natural person?

b. Was title given to a natural person, by name, by the United States?

c. Are they an assign?

9. A Sheriff's Deed only gives a claim of "color of title"; whereas only a federal land patent conveys "Absolute Title". (See Exhibit # 1)

10. That this CONSTRUCTIVE NOTICE AND DEMAND is presented as a sworn and attested AFFIDAVIT and EVIDENCE in se.

11. That where any statement herein shall appear to be "CONCLUSORY", the same is NOT "CONCLUSORY", but it is a JURISDICTIONAL FACT upon which Deponents base, and in the future shall base, all of their acts as relate to this case and subject matter which is expressly or impliedly referred to hereinat, in all cases or contests whatsoever.

12. That Deponents hereby DEMAND that you, and each of you, CEASE AND DESIST from any further unlawful acts with respect to Deponents' persons or property.

13. That any attempts to Hinder, Obstruct, Harrass or Interfere with Deponents' said *Allodial Freehold Property Rights,* secured by the Constitution of the United States of America, will result in criminal and civil charges being initiated against the offending parties in a court, at Law, with competent jurisdiction.

/s/ John G. Lehs
JOHN G. LEHS
In Propria Persona
and
/s/ Ruth M. Lehs
RUTH M. LEHS
In Propria Persona

Subscribed and sworn to before me on this 11 day of March, 1985.

/s/ Betty Cameron
NOTARY PUBLIC